IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICK A. MALLOY, III, | CV 22–112–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MARTIN J. O'MALLEY, *Commissioner of Social Security*, | |
| Defendant. | |

Plaintiff Patrick A. Malloy, III, brings this action under 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security not to reopen Plaintiff's 2012 and 2015 benefits determinations and denying his 2018 application for disability insurance benefits under Title II of the Social Security Act ("SSA"). The Court lacks subject matter jurisdiction to review Plaintiff's 2012 benefits determination and Plaintiff's argument concerning the 2015 determination is moot. Further, the ALJ's decision applies the correct legal standards and is based on substantial evidence and therefore must be affirmed.

## BACKGROUND

Plaintiff protectively filed his first application for Title II disability insurance benefits on October 26, 2010, alleging a disability onset date of October 9, 2009. (Doc. 7 at 80.) Plaintiff's claim was denied initially and on reconsideration. (*Id.*)

1

Thereafter, Plaintiff requested a hearing, which was held on November 1, 2012. (*Id.*) The ALJ ultimately denied Plaintiff's claim on November 15, 2012. (*Id.* at 88.) In the 2012 decision, the ALJ considered whether Plaintiff was disabled from Plaintiff's alleged disability onset date of October 9, 2009, until the date of the decision on November 15, 2012. (*Id.*) Plaintiff filed a second application for Title II disability insurance benefits on June 29, 2015, again alleging a disability onset date of October 9, 2009. (*Id.* at 93.) This second application was denied on October 8, 2015. (*Id.* at 115.) Plaintiff did not appeal the 2015 denial to an ALJ.

Plaintiff filed a third application for Title II disability insurance benefits on November 6, 2018, alleging a disability onset date of November 1, 2009. (Doc. 7 at 25.) Plaintiff's 2018 application was denied initially and upon reconsideration. (*Id.*) On November 2, 2021, Plaintiff had a hearing before an ALJ to consider the 2018 application. (*Id.*) On December 7, 2021, the ALJ issued a decision denying Plaintiff's claim and declining to reopen Plaintiff's 2012 and 2015 benefits determinations. (*Id.* at 25, 27–28.) The ALJ's disability determination focused on the period from November 16, 2012, until Plaintiff's last insured date of December 31, 2014. (*Id.* at 28.)

Plaintiff requested review of the 2021 ALJ decision, and on April 26, 2022, the Appeals Council denied Plaintiff's request for review. (*Id.* at 7.) Thereafter, Plaintiff filed the instant action.

## LEGAL STANDARDS

42 U.S.C. § 405(g) allows limited judicial review of Social Security benefit determinations after the Commissioner, following a hearing, has entered a final decision. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Judicial review does not extend to agency denial of a claimant's request to reopen a prior final decision unless a claimant alleges a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977); *Evans v. Chater*, 110 F.3d 1480, 1482–83 (9th Cir. 1997).

If the Court has jurisdiction to review the Commissioner's decision, the Court may set aside the decision "only if it is not supported by substantial evidence or is based on legal error." *Treichler*, 775 F.3d at 1098 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U. S. 197, 229 (1938)). If the ALJ's decision is supported by such evidence and the ALJ applied the correct legal standards, the Court must affirm the Commissioner's adoption of that decision. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039. Thus, "[w]here

3

evidence is susceptible to more than one rational interpretation," the Court must uphold the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Court will not reverse an ALJ's decision for errors that are harmless. *Id.*

## DISCUSSION

### I. The Court Lacks Jurisdiction to Review the ALJ's Decision Not to Reopen Plaintiff's 2012 Benefits Denial.

Plaintiff requests that the Court reverse the ALJ's 2021 decision not to reopen Plaintiff's 2012 benefits determination pursuant to 42 U.S.C. § 405(g). (Doc. 12 at 1–2.) Plaintiff argues that good cause exists to reopen the 2012 ALJ decision under 20 C.F.R. § 416.1489 and requests that the Court reopen the 2012 decision for good cause pursuant to 20 C.F.R. § 404.988. (*Id.* at 12.)

The Court lacks jurisdiction to review the ALJ's denial of Plaintiff's request to reopen the 2012 decision. The Court's judicial review of the Commissioner's decision below is restricted to a "final decision . . . made after a hearing." 42 U.S.C. § 405(g). However, an ALJ's denial of a claimant's petition to reopen a prior claim for benefits is not a "final decision" under § 405(g). *Califano*, 430 U.S. at 107–09; *see Smith v. Berryhill*, 139 S. Ct. 1765, 1775 (2019). Colorable constitutional claims provide an exception allowing judicial review of an ALJ's decision not to reopen a prior determination, but Plaintiff alleges no constitutional due process violation here. *Califano*, 430 U.S. at 108–09; *Evans*, 110 F.3d at 1483.

4

## II. Plaintiff's Argument that the ALJ Erred by Not Reopening the 2015 Benefits Denial is Moot.

Though lacking specificity, Plaintiff also appears to argue that the Court should reopen the 2015 determination for good cause. (*Id.* at 12, 22.) When an ALJ "considers 'on the merits' whether the claimant was disabled during an already-adjudicated period," the ALJ de facto reopens the prior adjudication. *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001) (quoting *Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1995)).

Here, the ALJ considered evidence from the previously adjudicated 2015 determination, thereby de facto reopening the 2015 determination. The 2015 determination concerned Plaintiff's eligibility for disability benefits prior to December 31, 2014. (Doc. 7 at 115.) In the 2021 decision, the ALJ considered evidence from an overlapping period from November 16, 2012 until December 31, 2014. (*Id.* at 28, 34.) Since the ALJ did de facto reopen the 2015 determination, Plaintiff's argument that the ALJ erred in failing to reopen the 2015 determination is moot.

## III. The ALJ Decision Applies the Correct Legal Standards and is Based on Substantial Evidence in the Record.

Plaintiff also argues that the ALJ "wholly failed" to consider Plaintiff's testimony and failed to apply the Social Security Administration's five-factor test for determining whether an individual is disabled. (Doc. 12 at 8, 21.) In support

5

of this argument, Plaintiff cites the Appeals Council's basis for denial: "We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review." (Docs. 1 at 3, 12 at 20.)  It appears that Plaintiff is confusing the Appeals Council's denial of Plaintiff's request for review with the ALJ's denial of benefits.  The ALJ did, in fact, address all five factors in reaching a disability determination and the Appeals Council's basis for denial is not a reviewable final agency action.  *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

Paradoxically, Plaintiff also appears to raise scattered challenges to the ALJ's five-factor analysis, arguing that the ALJ failed to address Plaintiff's subjective testimony regarding his mental symptoms and failed to adequately consider these mental impairments when determining Plaintiff's residual functional capacity.  (Doc. 12 at 20–21.)  Upon review, the Court finds that the ALJ's decision is supported by substantial evidence and is not based on legal error.  *Treichler*, 775 F.3d at 1098 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

At step one, the ALJ concluded that Plaintiff did not engage in substantial gainful activity during the period from November 16, 2012, until December 31, 2014.  (Doc. 7 at 30.)  At step two, the ALJ concluded that Plaintiff's spinal impairments and chronic pain syndrome were severe, but that Plaintiff's mental

impairments were non-severe. (*Id.* at 30–31.) In classifying Plaintiff's mental impairments as non-severe, the ALJ addressed each of the four broad areas of mental functioning contained in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ found that Plaintiff had only a mild limitation in each of the four broad areas of mental functioning. (*Id.*) Because Plaintiff had no more than a mild limitation in each of the four areas of mental functioning, the ALJ found that Plaintiff's mental impairments were non-severe. (*Id.* at 30.)

At step three, the ALJ analyzed whether Plaintiff had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 31.) Here, the ALJ specifically considered Plaintiff's degenerative disc disease and lumbar condition. (*Id.* at 31–32.) The ALJ concluded that Plaintiff's degenerative disc disease did not meet or medically equal the requisite severity at step three because Plaintiff's "symptoms, signs, imaging, and impaired functioning have not collectively been observed and documented to occur in close proximity as required by the listing." (*Id.* at 31.) Because the ALJ found Plaintiff's mental impairments were non-severe at step two, the ALJ did not analyze them at step three. 20 C.F.R. § 404.1520a(d)(2).

Also at step three, the ALJ considered Plaintiff's lumbar condition. (*Id.* at 32.) The ALJ found that for Plaintiff the requisite lumbar symptoms did not occur

in close enough proximity to be considered severe, concluding that Plaintiff's lumbar condition as a whole did not meet or medically equal the requisite severity. (*Id.*) The ALJ concluded that Plaintiff lacked a combination of the requisite degenerative disc disease or lumbar symptoms with "impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of 12 months." (*Id.*) Finally, the ALJ found that Plaintiff lacked the requisite symptoms in combination with the need for a walking assistance device or the inability to use one or both upper extremities for "work related activities involving fine and gross movements." (*Id.*)

At step four, the ALJ determined that Plaintiff "had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b)." (*Id.*) Concerning Plaintiff's mental health symptoms, the ALJ looked to the record and found no evidence of treatment for mental health symptoms beyond a medication prescription from Plaintiff's primary care doctor. (*Id.* at 34.) Further, the ALJ found that Plaintiff's medication was effective at controlling his mental health symptoms and that Plaintiff rarely reported mental health symptoms during the period at issue. (*Id.*) The ALJ relied on this evidence to determine Plaintiff's mental health symptoms were not severe during the time period at issue. (*Id.* at 35.)

8

Plaintiff argues that "[t]he ALJ failed to discuss any of Malloy's mental impairments, their potential limitations in the residual functional capacity assessment, or a separate mental residual functional capacity." (Doc. 12 at 21.) Plaintiff goes on to argue "[t]he ALJ should have . . . addressed and accounted for Malloy's mental impairments . . . when determining his residual functional capacity." (*Id.* at 21–22.) Again, Plaintiff appears to confuse the Appeals Council's decision with the ALJ's determination and Plaintiff's argument is without merit as the ALJ reviewed Plaintiff's mental health conditions under the residual functional capacity analysis. (Doc. 7 at 34–35.) Moreover, the ALJ was not obligated to include Plaintiff's mild mental health symptoms in the residual functional capacity analysis. *Cf. Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that "mild or moderate depression" is not a "sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work").

Plaintiff's remaining challenges to the ALJ's analysis also fail. Plaintiff directs the Court's attention to evidence of a "determination of complete disability by the . . . Veteran's Administration." (Doc. 12 at 14.) However, the ALJ reviewed evidence of the Veteran's Administration determination and found the evidence "neither valuable nor persuasive." (Doc. 7 at 36 (citing 20 C.F.R. §§ 404.1504, 404.1520b(c), 416.904, 415.920b(c)).) Additionally, Plaintiff cites extensively to Dr. Webber's 2011 consultative examination, impliedly arguing that the

9

examination evidence indicates Plaintiff's mental impairments were severe. (*See* Doc. 12 at 16–17.) However, the ALJ considered Dr. Webber's assessment, which found that Plaintiff had "no impairment in following directions, learning, new information, or judgment." (Doc. 7 at 27.) Thus, the ALJ considered the evidence Plaintiff highlights in his brief but still found substantial evidence to support the conclusion that Plaintiff's mental impairments were non-severe.

At step five, the ALJ concluded that, in light of Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy. (*Id.* at 37.) Ultimately, after analyzing the five-factor test, the ALJ found that Plaintiff was not disabled during the period at issue. (*Id.* at 38.) Since the ALJ's decision is based on substantial evidence and did not rely on legal error, Plaintiff's arguments fail and the Court finds no reversible error.

## CONCLUSION

Accordingly, IT IS ORDERED that the Commissioner's decision is AFFIRMED, and this case is DISMISSED. The Clerk of Court shall close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 28th day of February, 2024.

_____
Dana L. Christensen, District Judge
United States District Court